WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
212 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-HE5
09-71757

Electronically Filed on _____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Bk Case No.: 10-14450-bam |
| Mindy Spears | EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 362 (4) (A) (i) |
| | Date:<br>Time: |
| | Chapter 7 |
| Debtor. | |

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-HE5, Secured Creditor herein, ("Secured Creditor" or "Movant" hereinafter), requests from this Court an Order Confirming that the Automatic Stay of 11 U.S.C § 362 has not arisen with respect to the Debtor due to the multiple filings as evidenced below. That on or about March 18, 2010, the above named Debtor filed this instant Chapter 7 Petition in Bankruptcy with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Secured Creditor is the current payee of a promissory note dated December 4, 2006 in the principal sum of $293,000.00 ("Promissory Note" herein), secured by a Real Property Trust Deed of same date ("Trust Deed" herein) upon property generally described as 3008 Periscope Court, Las Vegas, NV 89117, and legally described as follows:

> PARCEL ONE:
> LOT 80 IN BLOCK 3 OF THE BLUFFS UNIT 11C AS SHOWN BY MAP THEREOF ON FILE IN BOOK 41 OF PLATS, PAGE 68, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA AND AS AMENDED BY CERTIFICATE OF AMENDMENT RECORDED APRIL 24, 1989 IN BOOK 890424 AS DOCUMENT NO. 00556, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA.
>
> PARCEL TWO:
> A NON-EXCLUSIVE EASEMENT ON AND OVER THE "COMMON AREA" AS DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS TO WHICH REFERENCE IS HEREAFTER MADE FOR ACCESS, USE, OCCUPANCY, ENJOYMENT, INGRESS AND EGRESS OF THE AMENITIES LOCATED THEREON SUBJECT TO THE TERMS AND PROVISIONS OF SAID
> DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED JANUARY 20, 1987 IN BOOK 870120 AS DOCUMENT NO. 00088. THE COMMON AREA IS FOR THE USE OF OWNERS OF LOTS WHICH ARE SUBJECT TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND IS NOT FOR THE USE OF THE GENERAL PUBLIC.

("subject property" herein).

2. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibit's "A" and "B" and incorporated herein by reference for all purposes.

3. The debtor filed the instant case on March 18, 2010.

4. Prior to filing of the present case, the Debtor filed an additional case within a one-year period as follows: Chapter: 13. Case Number: 09-21449, Filed: June 30, 2009. District of Nevada. Date dismissed on February 5, 2010.

5. Prior to filing of the present case, the Debtor filed an additional case within a one-year period as follows: Chapter: 13. Case Number: 08-21558, filed October 2, 2008, District of Nevada, dismissed on April 24, 2009.

6. Secured Creditor requests that the Court enter an Order confirming that there is no Automatic Stay affecting Secured Creditor with respect to the Debtor.

7. Further, Bankruptcy Code Section 362(j) allows as follows:

> On request of a party in interest, the court shall issue an order under subjection (c) confirming that the automatic stay has been terminated.

8. Additionally, Bankruptcy Code Section 362 (4)(A)(i) and (ii) states as follows: if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707 (b), the stay under subsection (a) **shall not go into effect upon the filing of the later case; and**

> **(ii)  on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;** *(emphasis added.)*
>
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

9. As stated above. Debtor was a Debtor in more than 2 prior cases pending within a preceding one year period of time prior to the institution of the present case, and that those prior cases were dismissed. In fact, the Debtor was a Debtor in multiple prior cases pending within a preceding one year period of time prior to the institution of the present case, and all of those prior cases were dismissed.

10. The Debtor did not seek an order to extend the automatic stay.

11. Secured Creditor respectfully requests an order from the Court confirming that the Automatic Stay never arose as to Secured Creditor, and that Secured Creditor may proceed with

collection on the note. including but not limited to foreclosure and an action to recover possession of the subject property described herein.

WHEREFORE, for all of the foregoing reasons. Secured Creditor. Wells Fargo Bank, NA requests the Court to enter an Order confirming that the Automatic Stay never arose and is otherwise terminated, with respect to the Debtor and the subject property described in this motion.

Respectfully submitted. this __24__ day of __MAR__, 2010.

WILDE & ASSOCIATES

By: _____
Gregory L. Wilde. Esq.
Attorney for Secured Creditor
212 S. Jones Boulevard
Las Vegas. NV 89107

Copies of the foregoing mailed this __24__ day of March 2010

    Boris A. Avramski
    bkhelpvegas@yahoo.com
    Attorney for Debtor

    Lenard E Schwartzer
    trustee@s-mlaw.com
    Trustee